# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## HOLLINGSWORTH v. FUNKHOUSER.

### November 8th, 1888.

1. BONA FIDE POSSESSORS—*Improvements—Compensation.*—The Virginia statute, altering the common law rule, allows, as a set-off to the plaintiff's claim for rent and damages, compensation for permanent improvements made by defendant at a time when there was reason to believe the title good under which he was holding the premises, not exceeding, however, the increase of value to the same.

2. IDEM—*Case at bar.*—The evidence certified here, considered under the rule pertaining to a demurrer to the evidence, shows that the increased value of the premises did not exceed the rental value thereof for five years before the eviction.

Argued at Staunton, decided at Richmond. Error to judgment of circuit court of Rockingham county, rendered April 20, 1887, in a certain matter pending in said court in the name of Jacob Funkhouser and others against Emily Hollingsworth, upon a petition filed by the plaintiffs after a judgment had been rendered in an action of ejectment against them in favor of said defendant, and praying for an allowance to them for the value of the permanent improvements made by them on the tract of eighteen and three-fourth acres in controversy in the said causes while holding the same under title believed by them to be good, over and above the use and occupation of the said land; and the judgment being against the defendant, she obtained a writ of error and *supersedeas* thereto. Opinion states the case.

*John E. Roller,* for plaintiff in error.

*G. W. Berlin,* for the defendants in error.

FAUNTLEROY, J., delivered the opinion of the court.

This is a sequel to a former writ of error to the circuit court of Rockingham county, lately pending and adjudged in this court, in the name of Emily Hollingsworth, plaintiff in error, against John W. Sherman and others, defendants in error (81 Va. 668), in which the decision and judgment of this court, rendered on the 17th day of December, 1885, was that "the judgment of the circuit court of Rockingham, rendered on the 25th day of April, 1884, appealed from here, is wholly erroneous. · It is therefore considered by the court that the said judgment be reversed and annulled, and that the plaintiff in error recover against the defendants in error her costs by her expended in the prosecution of her writ of error and *supersedeas* here. And this court proceeding to render such judgment as the said circuit court ought to have rendered, it is further considered by the court that the defendants are guilty of unlawfully withholding from the plaintiff the possession of the parcel of eighteen and three-quarter acres of land in the plat and survey described, etc., etc.; and that the plaintiff is entitled to recover of the defendants the said eighteen and three quarter acres of land in fee in these actions. Therefore, it is considered by the court that the plaintiff recover against the defendants, etc., a certain tract or parcel of land containing eighteen and three-fourth acres situated, etc., etc., together with the damages assessed as aforesaid, and her costs by her about her suits, respectively, in this behalf expended in the said circuit court of Rockingham; whereupon the plaintiff prays a writ to the sheriff of the county of Rockingham to be directed to cause her to have possession, etc., etc. But this writ shall not issue within thirty days from the entry of this order in the said circuit court, and this order is to be without prejudice to any petition the defendants in error may be advised to file under the provisions of chapters 131 and 132 of the Code of 1873."

A writ of possession issued from the circuit court of Rockingham county to the sheriff of the said county on March 1st, 1886, commanding him to execute the judgment of the court, and to put the said Emily Hollingsworth in possession, etc.; upon which writ of possession the sheriff made the following return: "Executed March 21st, 1886, by delivering possession of the within premises to P. H. Dice, agent for Emily Hollingsworth, in person. G. W. Revercomb, D. S.; for I. H. Shipp, S. R. C."

On the 21st of April, 1886, the appellees, Jacob Funkhouser and ninety-eight others, filed their petition in the said circuit court, claiming that they are entitled to. compensation for the permanent improvements made by them upon the said land, as aforesaid, under the said chapters 131 and 132 of. the Code of 1873; and praying that they be allowed compensation for their said improvements over and above the value of the use and occupation of said land, according to the said statutes, etc.

Upon the next following day after the filing of the said petition, to-wit: on the 22d day of April, 1886, Emily Hollingsworth, the defendant to the said petition, filed her petition in the said cause, in accordance with the Act of Congress in such case made and provided, in due form and accompanied with a sufficient bond, praying for the removal of the cause at that term—being the first term at which it could have been tried—to the circuit court of the United States for the western district of Virginia. But the court, " being of opinion, that the petition is in due form, and that the bond tendered is sufficient, but being also of opinion that this cause cannot now be removed to the United States court upon said petition, doth overrule the motion to remove the same, and doth refuse to enter the order that is usual and proper in cases of removal."

And the court " ordered that a jury be impannelled at the bar of this court to assess the damages of the said Emily Hollingsworth for the use and occupation of the said land by the

plaintiffs, and also to assess the allowances to the plaintiffs—the petitioners aforesaid—for said permanent improvements made by them as aforesaid. And it is further ordered, that all further proceedings upon said judgment to collect costs aforesaid, be suspended until said assessment of damages to the plaintiff and allowance to the defendants can be made."

Upon the trial of the cause, the jury found "the compensation which the petitioners, Jacob Funkhouser and others, are entitled to for their improvements, over and above the value of the use of the land in the petition mentioned, according to the statute in such case made and provided, to be $986." And, thereupon, the appellant, Emily Hollingsworth, moved the court to set aside the said verdict and to grant her a new trial, upon the grounds of the misjoinder of improper parties, and the omission of proper and necessary parties to the petition; and upon the ground that the verdict was contrary to the law and the evidence, and that the allowance of compensation for the improvements was excessive. This motion the court overruled, and gave judgment upon the verdict for the petitioners.

The appellant excepted to the rulings of the court, as aforesaid, and filed proper bills of exception.

Without deciding upon the errors assigned, of the misjoinder of improper parties—persons having no interest or affinity in the cause—and the failure to join necessary parties; and the refusal of the motion to remove the cause to the circuit court of the United States for the western district of Virginia, under the United States Statutes at Large, Vol. XVIII, part 3, page 470, we are of opinion that, upon the merits of the case, the verdict of the jury is clearly contrary to the law and evidence in the record; and that the circuit court erred in refusing to set the verdict aside and grant a new trial. See *Muse* v. *Stern*, 82 Va. (7 Hansbrough) 33, and cases there cited. There is not only no evidence in the record to warrant the verdict, but it is directly contrary to the testimony of the appellee's own

witnesses. The law, chapter 132, section 4, Code of 1873, says, that the jury shall estimate in favor of the defendant, the value of such permanent and valuable improvements as were made by them, or by those under whom they hold, "not exceeding the amount to which the value of the premises is actually increased thereby, at the time of the assessment." The defendants in error have used and enjoyed possession of the property of the plaintiffs in error from 1838 to 1886; and, as against their claim for improvements, the plaintiffs in error are entitled to off-set the value of their use and occupation of the property, for all that period, over and above the value of the use of the said improvements; and yet the defendants in error's own witness, Jasper Hawse, who is corroborated by their other witnesses, testified, "It is difficult to make an estimate of the value of these improvements to the owner. If you take the rental value of the property, exclusive of the use and enjoyment of the permanent improvements put there, and put that rental value, for *five years* before the eviction, against the increased value of the land by reason of the improvements, the account *would be pretty well balanced.*" Another of their own witnesses, David A. Heatnole—one of the defendants in error—in his testimony said, "it is impossible for me to fix estimate of increased value to the owner by reason of these improvements; nor can I fix any rental value for the use of the property exclusive of the use of the improvements. These are hard questions to answer." J. R. Sillings, another witness for the defendants in error, and who was selected and sent by them to estimate the first cost of the improvements, testified, "I could not fix any sum as the increased value of the land by reason of said improvements. Many cabins there add nothing to the value of the property. The matter depends a great deal on what the owner wants it for. For my purpose, if I was the owner of the property, *I would not have them.* The improvements are valuable for springs purposes. It depends on who the owner is and

what he wants the property for." Strickler, another of their own witnesses, and who was selected and sent along with Sillings to estimate the first cost of the improvements, testified, " He could not state the *real worth* or value of the buildings *as of this date ;* nor could he say what said improvements were worth for springs purposes, if the owner desired the property to be so used." " Could not say what such buildings were worth for springs purposes, nor how much they would add to the value of the ground." B. M. Rice, another of their witnesses and one of the defendants in error, declined, as D. A. Heatnole and all their other witnesses had done, to fix one cent of value added to the property by these improvements, saying, that the cabins for springs uses were valuable, but that it was "a hard question for him to answer as to their value to Miss Hollingsworth, as it was impossible for him to say how much the improvements had added to the value of the property in the hands of the true owner."

Thus, leaving out of view all the clear, positive, and explicit testimony of the *seven* intelligent witnesses for the plaintiff in error that the so-called improvements were really worthless in themselves, and had added no value whatever to the property, the jury, in the face of the total absence of any proof, even by the defendants in error's own witnesses, as to any value whatever being added to the property by these so-called improvements, and in the teeth of the testimony of their own witnesses that their use and enjoyment of the property for *only five years* would be equal to and ought to balance any possible enhancement of value of the property by the alleged improvements, find a verdict and "upon their oaths do ascertain the compensation which the petitioners, Jacob Funkhouser and others, are entitled to for their improvements, over and above the value and use of the land in the petition mentioned, according to the statute in such case made and provided, to be $986," *for nearly half a century.* And the court, overruling the motion to set this verdict aside, entered judgment that "the plaintiffs recover against

the defendant the sum of $986, the value of the improvements as ascertained by the verdict of the jury, and their costs."

At common law the occupant of other people's property lost all his improvements, they went with the freehold. *Effinger* v. *Hall*, 81 Va. (6 Hansbrough) 95.

Sedgwick & Waite on Land Titles, sec. 690, quotes from Wood's Mayne on Damages as follows: "The improvements may be valuable, but they may be quite unsuited to the use which the plaintiff intends to make of his land. Even if they are such as he would have wished to make, they may also be such as he could not have afforded to make. To compel him to pay for them or to allow for them in damages, which is all the same, is quite as unjust as it would be to lay out money in any other investment for a man and then compel him to adopt it *nolens volens.*"

The policy of the law still forbids that the real owner of property shall be *improved out of his property* by volunteers or wrongdoers; and, although the statute allows *bona fide* occupants to recover as against the true owner for permanent and valuable improvements made upon the land when there was reason to believe that the title under which he or they were holding the premises to be good, yet the statute, being in derogation of the common law, is to be strictly construed to promote the ends of justice, and to allow of such recovery only in excess of the clear annual value of the premises during the time the occupant was in possession (exclusive of the use by the tenant of the improvements thereon made by himself, or those under whom he claims), and only to the extent and upon clear and full proof of the amount to which the value of the premises is actually increased thereby at the time of the assessment. In this case there is no evidence of any such enhancement, and the defendants in error's own witnesses expressly testify that *even five years' usufruct* of the property, without the improvements, would balance the claim for improvements.

The verdict in favor of the petitioners in the court below is

contrary to the law and the evidence, and the judgment of the court founded thereon is wholly erroneous. The verdict is set aside, the judgment complained of is reversed and annulled, and the case remanded to the circuit court of Rockingham county for further proceedings in accordance with the views herein expressed.

JUDGMENT REVERSED.